THE defendant in error, who was plaintiff in the court below, declared on an instrument of writing, executed by the intestate of the plaintiffs in error to Richard VY. Shochency; acknowledging that the said intestate, hád received of said Shochency, two protested orders on James Lemaster, for certain sums each, and engaging to collect said orders and account for them, according to. law. He next sets out the assignments of this writing, first from Shochency to Poindexter Thomason, and from said P. Thomason to the defendant in error. He then sets out a breach in not accounting for the said orders. Judgment was rendered in the court below, and to reverse it, this writ of error is prosecuted; and the main question now presented is, was this instrument of such an assignable character as to enable the defendant in error to prosecute this action in his own name ?
2. By the act ef assembly,, regulating the assignments of notes, bills and bonds, those only are assignable, which stipulate for the payment of money or pro. perty. To this act, this court have given a liberal interpretation, and have decided, that bonds stipulating a conveyance of lands, were within it. because lands were a species of property. But by no fair construction can it be contended, that instruments, engaging for the performance of some other personal duty, or to abstain from the doing of some specified act or acts, aré within the provisions of the statute. This instrument not only stipulates the performance of a duty in collecting the money, but to ac. count for the money when collected ; thus, confín. gently at least, stipulating the payment of money likewise. The question then is presented, can an instru. ment of this mixed character, stipulating to pay mo. ney, together with the performance of other things, which are not the payment of either money or pro. perty, be assignable ? \Ye conceive not. Such struments, are bonds or notes for money and property, in part only. They contain more, and are not well defined by the terms of the acts in question, and we cannot suppose, that the legislature intended, without explicit words, to communicate to an instrument, containing perhaps, fifty stipulations for the performance of other duties, a negotiable quality, because there was one engagément to pay money, or any species of pro. *168 perty. The design of the legislature was to facilitate commerce, by causing the debts of society to answer in some measure, the place of a circulating medium, and not to bring other personal duties'into market. In doing this, wé do not conceive that they intended to embrace instruments, which are not completely and wholly defined by the expressions used in this act, and their intention will be effectuated without going further.
We therefore conceive, that the present action in the name of the assignee, cannot be supported.
The judgment must, therefore, be reversed with costs, and the cause be remanded, with directions to tile court below, to dismiss the suit with costs.