Opinion op the Court, by
Judge M-irls.
Richard Deering executed to Joseph A'. Brooks^a writing to the following effect: , , ,
“ Received of Joseph A. Brooks four hundred and seventy dollars, winch I am to account to said Brooks for, in th-e following manner; that is, a part to he laid out for the purpose of purchasing of materials for three pumps, the balance to be discharged by the construction of said pumps, which I am to make for him, for the purpose of conveying his salt-water to his furnace. Witness my hand and seal, this 5th clay of August 1818.
(Signed) Richard Deering, (Sea!.)*’
In October 1820, Brooks assigned this writing, on the back thereof, to Nathan Halbert, who commenced an action of covenant thereon against Deering, in hfs own name, as assignee of Brooks. The court below, on demurrer, decided that the writing was not assignable, and therefore Halbert could not maintain an action thereon in his own name, and gave judgment for the defendant accordingly. This is the only question presented now for our consideration, in the record before us, of Halbert against Deering.
After the determination of this suit in the court below, another action was brought on the same instrument, in the name of Brooks, for the use of Halbert, against Deering; and the defendant craved oyer of the writing and assignment thereon, and again demurred, and the court then decided that the writing was assignable, and gave judgment for the defendant; and this is the sole question contained in the record of Brooks against Deering.
It is certain, that one of these judgments must be reversed; and which it must be, depends upon the assignable quality of the writing declared on.
It has been decided by this court, that under our act of assembly, a bond for the conveyance of land is assignable. Conn vs. Jones. Hard. 8; Neyfong vs. Wells, ibid 562. The expressions of the act are, “ bonds, bills and notes for the of or- *10 property.” In the last,of the. above cases, it is said, the‘word “property,”- used in the act, is nomen generalissimum, including every visible subject of ownership. This is as broad as the act can be extended, and it has never been sáid to include labor or service, or a mechanic’s skill, or a laborer’s powers of labor. On the contrary, it has been decided (Shutt vs. Travis, Mr. Dec. 164, and Force’s administrator vs. Thomason, 2 Litt. Rep. 166) that contracts for the performance of personal duties are not assignable; and this principle has been ever since maintained. Within this latter principle, the instrument now in question is embraced. Deering received money, and for it he was not to return either money or property alone, but his skill and labor in pump-making, as to a part. He was also to become the purchaser of materials, with another part. It is true, in the end, Brooks was to receive these pumps; but they were to be made up first by a purchase of the materials, and then by Deering’s skill and labor in constructing them; and if any part of the note , was not embraced in the terms used in the act, it destroys its assignable quality. .
We are, therefore, of opinion that the writing in question is not assignable, under the act of assembly permitting assignments, and that the action brought in the name of Halbert is erroneous, and that brought in the name of Brooks was correctly commenced.
The judgment in the case of Halbert against Deer-ing, must be affirmed with costs. In the case of Brooks, for the use of Halbert, against Deering, the judgment must be reversed with costs, and the cause be remanded, with directions for new proceedings, not inconsistent with this opinion.